UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND PRICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOUTHWEST AIRLINES, CO.,<br><br>　　　　　Defendant. | Case No. 19-cv-06664-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 29 |

Plaintiff Raymond Price filed the instant case against Defendant Southwest Airlines, asserting he was wrongfully terminated. (Compl. ¶ 1, Dkt. No. 1.) Plaintiff was employed by Defendant from October 2014 to March 1, 2019, when he was terminated for violating company policies including the Policy Concerning Harassment, Sexual Harassment, Discrimination & Retaliation ("Harassment Policy") and the On and Off Duty Conduct Policy ("Off Duty Policy"). (Price Decl. ¶ 5, 15, Dkt. No. 33-1; Molina Decl. ¶ 5, Exh. C, Dkt. No. 29-4.) Plaintiff's termination was based on a rap song he had written prior to his employment at Southwest, which used the n-word twice. (Price Decl. ¶¶ 9, 13; Molina Decl. ¶¶ 4-5.) In June 2018, while off-duty, Plaintiff filmed a music video based on the rap song. (Price Decl. ¶ 11.) The music video was subsequently circulated amongst Plaintiff's employees, although Plaintiff was not responsible for circulating it. (Price Decl. ¶¶ 11-12; Molina Decl. ¶ 4.) During the investigation, Plaintiff did not disclose that he recorded the video in June 2018, stating only that the song had been written prior to his employment. (Gutierrez Decl. ¶ 8, Dkt. No. 29-2.)

Plaintiff filed the instant suit on September 6, 2019, asserting claims for: (1) discrimination in employment based on race, (2) intentional infliction of emotional distress, (3) violation of California Labor Code § 96(k), (4) violation of California Labor Code § 1101, (5) wrongful

1  termination in violation of public policy, and (6) unlawful business practice in violation of
2  California Business & Professions Code § 17200.  (Compl. at 4-7.)  On July 31, 2020, Defendant
3  filed a motion for summary judgment.  (Def.'s Mot. for Summ. J., Dkt. No. 29.)  Having
4  considered the parties' filings and the relevant legal authority, the Court deems the matter suitable
5  for disposition without a hearing, and GRANTS IN PART and DENIES IN PART Defendant's
6  motion for summary judgment.

7  With respect to Plaintiff's race discrimination and wrongful termination claims, the Court
8  finds there are genuine issues of material fact that preclude summary judgment, particularly when
9  viewing the evidence in the light most favorable to Plaintiff.  *See Celotex Corp. v. Catrett*, 477
10 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  For
11 example, there is a genuine question as to pretext, including whether Defendant actually believed
12 Plaintiff violated its policies, including whether Plaintiff used the n-word in a derogatory way.
13 Here, there is no dispute that Plaintiff did not use the n-word in the workplace, but that it was in a
14 video that Plaintiff had recorded during off-hours.  Plaintiff also did not circulate the video.
15 Moreover, it appears Defendant did not know that Plaintiff recorded the video while employed by
16 Defendant, but only knew Plaintiff recorded the video *prior* to his employment.  (Gutierrez Decl. ¶
17 8.)  Thus, it is unclear how the Off Duty Policy would have applied to his actions.  Likewise, there
18 is also a question of discriminatory motive, as the fact Defendant terminated Plaintiff's
19 employment rather than pursuing other forms of discipline could suggest discriminatory motive.
20 This is particularly the case when the investigator did not recommend termination, and the
21 Harassment Policy does not mandate termination.[1]  (Gutierrez Decl., Exh. B.)  Such questions

---

[1] Defendant argues that Plaintiff is required to make an "extraordinarily strong showing of discrimination" because "'[w]here the same actor is responsible for both the hiring and the firing of a discrimination plaintiff . . . a strong inference arises that there was no discriminatory motive.'"  (Def.'s Mot. for Summ. J. at 11-12 (quoting *Horn v. Cushman & Wakenfield Western*, 72 Cal. App. 4th 798, 809 (1999)).  This principle, however, appears to apply only when the same *individual* within the company makes the hiring and firing decision.  *See Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270 (1996) (applying same actor inference where "the person who terminated [the plaintiff was] the same person who originally made the decision to hire her less than a year earlier."); *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1097 (9th Cir. 2005) (applying same actor inference when the person who terminated the plaintiff was also responsible for promoting him).  Indeed, if the same actor principle applied to companies, it would apply in almost every employment case.

should be decided by a jury.

As to Plaintiff's intentional infliction of emotional distress claim, the Court finds summary judgment is warranted because Plaintiff proffers no evidence of severe emotional distress. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) ("A cause of action for intentional infliction of emotional distress exists when there is . . . (2) the plaintiff's suffering severe or extreme emotional distress . . . ."). "Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Id.* at 1051. Here, Defendant produced evidence that Plaintiff testified that he suffered embarrassment, shame, humiliation, lack of sleep, and depression from his termination, but that he never sought treatment or medication. (Price Dep. at 164:13-20, 165:20-166:2.) This does not rise to the level required for intentional infliction of emotional distress. *See Hughes*, 46 Cal. 4th at 1051 (finding that the plaintiff's suffering of discomfort, worry, anxiety, upset stomach, concern, and agitation did not satisfy the severe emotional distress element); *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1246 (9th Cir. 2013) (finding insufficient emotional distress where the plaintiff testified to anxiety, sleeplessness, upset stomach, and occasional muscle twitches); *Campbell v. Feld Entm't, Inc.*, Case Nos. 12-cv-4233-LHK, 13-cv-233-LHK, 2013 U.S. Dist. LEXIS 145495, at *40 (N.D. Cal. Oct. 4, 2013) (finding insufficient emotional distress where the plaintiff asserted severe stress and anxiety, depression, and loss of sleep). Plaintiff, in turn, does not identify **any** emotional distress he suffered in either his opposition or opposition. Absent evidence that Plaintiff suffered severe emotional distress, the Court grants summary judgment in favor of Defendant on the intentional infliction of emotional distress claim.

With respect to Plaintiff's § 96(k) and § 1101 claims, Plaintiff states in his opposition that he will not pursue these claims. (Pl.'s Opp'n at 19.) Accordingly, the Court grants summary judgment in favor of Defendant on these two claims. Finally, Plaintiff's § 17200 claim is based on his claims of discrimination and unlawful termination and survives for the same reasons discussed above.

Thus, the Court GRANTS IN PART and DENIES IN PART Defendant's motion for summary judgment. The Court GRANTS the motion as to the intentional infliction of emotional

distress, § 96(k), and § 1101 claims. The Court DENIES the motion as to Plaintiff's remaining claims.

IT IS SO ORDERED.

Dated: October 22, 2020

_____
KANDIS A. WESTMORE
United States Magistrate Judge